NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROCHESTER HOLMES,**
*Petitioner,*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2014-3127

---

Petition for review of the Merit Systems Protection Board in No. AT-0831-13-0622-I-3.

---

Decided: November 12, 2014

---

ROCHESTER HOLMES, of Antioch, Tennessee, pro se.

RUSSELL J. UPTON, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Assistant Attorney General, ROBERT E. KIRSCHMAN, JR., Director, and DEBORAH A. BYNUM and KENNETH M. DINTZER, Assistant Directors.

---

Before LOURIE, SCHALL, and DYK, *Circuit Judges.*

PER CURIAM.

Rochester Holmes appeals a decision of the Merit Systems Protection Board ("MSPB" or "Board"). The Board affirmed the Office of Personnel Management's ("OPM") decision to reduce Holmes' retirement annuity benefits pursuant to several federal statutes. Holmes argues that prior settlement agreements with the United States Postal Service ("USPS") obligate OPM to grant him a full, unreduced retirement annuity. Because these agreements do not address retirement benefits, we affirm.

## BACKGROUND

Holmes, a United States Air Force veteran, was employed by the USPS beginning on June 10, 1974. Holmes sued the USPS twice, once under Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e *et seq.*) and once under Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. §§ 701 *et seq.*), resulting in two settlement agreements dated October 31, 1994 ("the 1994 agreement"), and May 26, 2004 ("the 2004 agreement").

Holmes retired in 2004. Thereafter, Holmes challenged the computation of the benefits that he received after retirement. OPM eliminated Holmes' credit for his years of post-1956 military service in calculating his retirement annuity because Holmes did not make the required deposit prior to his retirement (5 U.S.C. §§ 8332(c)(1)(A), (j)(1), (j)(2)(A), 8334(j)); offset Holmes' retirement annuity by the proportion of monthly social security payments attributable to Holmes' federal service after December 31, 1983 (5 U.S.C. § 8349(a)); and did not use Holmes' period of federal service from June 10, 1974, through May 25, 1993, to compute his annuity because of

Holmes' prior withdrawal from his retirement contributions (5 U.S.C. §§ 8334(d), 8342(a)). In a June 11, 2013, final decision, OPM denied Holmes' challenge.

Holmes appealed to the MSPB. The administrative judge ("AJ") determined that the adjustments were required by law, and that the agreements did not provide otherwise. The full Board denied Holmes' petition for review and affirmed the initial decision in a May 19, 2014, final decision. *See Holmes v. Office of Pers. Mgmt.*, No. AT-0831-13-0622-I-3 (M.S.P.B. May 19, 2014). Holmes appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our review of the Board's decision is limited in scope. We may only set aside an agency's "action, findings, or conclusions" if they are "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

The crux of Holmes' argument on appeal is that the settlement agreements entitle him to a full, unreduced retirement annuity notwithstanding statutes and regulations to the contrary. The 1994 agreement does not contain any provisions relating to retirement, and the only provision of the 2004 agreement which in any way concerns retirement provides as follows:

> The Complainant agrees that on October 6, 2004 he shall either be deemed to have retired or voluntarily resigned his employment with the Agency. The Agency agrees to provide Complainant's attorney with all necessary documents so that Complainant may apply for retirement from the Agency. Complainant agrees to tender his retire-

ment application no later than August 1, 2004.  In the event Complainant fails to tender his application for retirement, the Agency makes no representations that it will automatically place Complainant on a retired status.  In the event Complainant fails to tender a properly executed application for retirement, Complainant acknowledges that the Agency may, at its sole discretion, deem Complainant to have voluntarily resigned his employment effective October 6, 2004.

App. 69.  Holmes' apparent contention is that he should have received the retirement benefits set forth in calculations prepared during negotiation of the 2004 agreement.  Those calculations did not reduce his annuity.  But this cannot be used to alter the language of the agreements here, which did not specify the amount of retirement benefits and each included integration clauses.  As the Board properly found, neither settlement agreement contains any language that exempts Holmes from the relevant statutory requirements or entitles Holmes to a full, unreduced annuity.[1]  We have considered Holmes' other contentions, and conclude that they are without merit.

**AFFIRMED**

COSTS

No costs.

---

[1]    Under these circumstances, we do not determine whether settlement agreements can provide for a greater retirement annuity than provided for under applicable law.